UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: NICHOLE SHAREE THURMAN <br> Debtors. | *Electronically Filed* <br> Case no. 14-10529 <br> Chapter 13 |
| LAURIE B. WILLIAMS, CHAPTER 13 TRUSTEE, <br> Plaintiff, <br> vs. <br> TITLEMAX OF GEORGIA, INC. d/b/a TITLEMAX <br> Defendant. | Adversary No. 14-_____ |

### CHAPTER 13 TRUSTEE'S COMPLAINT TO AVOID LIEN PURSUANT TO 11 U.S.C. § 544

COMES NOW, Laurie B. Williams, Standing Chapter 13 Trustee, in person or by and through counsel, Karin N. Amyx, in the above captioned case, ("Trustee"), and requests this Court enter judgment avoiding the lien of TitleMax of Georgia d/b/a TitleMax pursuant to 11 U.S.C. § 544. In support hereof, the Trustee states and alleges as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b), and D. Kan. Rule 83.8.5.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is brought pursuant to 11 U.S.C. § 544.

5. This action is brought in connection with the Chapter 13 case of Nichole Sharee Thurman ("Debtor"), case number 14-10529, filed March 20, 2014 in the United States Bankruptcy Court for the District of Kansas.

### PARTIES

6. The Trustee restates and re-alleges paragraphs 1 through 5.

7. Laurie B. Williams is the Standing Chapter 13 Trustee administering the above referenced Chapter 13 case.

8. Upon information and belief, TitleMax of Georgia d/b/a TitleMax ("Defendant") is a business entity, which may be served with process through an officer, managing or general agent at 15 Bull Street, Ste. 200, Savannah, Georgia 31401.

## STATEMENT OF FACTS

9. The Trustee restates and re-alleges paragraphs 1 through 8.

10. On April 30, 2014, Defendant filed proof of claim number 003.

11. Based on the proof of claim filed by Defendant, Debtor granted Defendant a title loan in following goods on or about July 11, 2013:

> 2000 Lincoln Navigator 4D, VIN#5LMEU27A5YLJ36843
> (hereinafter "2000 Lincoln")

12. Based on the proof of claim filed by Defendant, the total outstanding debt as of the petition date was $1,884.23.

13. On information and belief, Debtor moved the vehicle from Georgia to Kansas in August of 2013.

14. On information and belief, Defendant did not take action to maintain perfection of its security interest in Debtor's 2000 Lincoln and therefore its perfection has lapsed.

## AVOIDANCE OF LIEN—LACK OF CONTINUED PERFECTION

15. The Trustee restates and re-alleges paragraphs 1 through 14.

16. Under K.S.A. § 84-9-311, which incorporates K.S.A. § 8-135, a security interest covering an automobile is perfected in Kansas upon the mailing and delivery of a notice of security interest and payment of a fee to the Kansas Department of Revenue.

17. Under K.S.A. § 8-135(c), a security interest covering an automobile is also perfected when the lienholder's name is noted on the title.

18. Under K.S.A. § 84-9-316(a)(2), if a security interest is perfected in accordance with the laws of a jurisdiction other than Kansas, it remains perfected until the earliest of the time perfection would have ceased under

the law of that jurisdiction or the expiration of four months after a change in the debtor's location to another jurisdiction . . . ."

19. On information and belief, Debtor moved the 2000 Lincoln from Georgia to Kansas in August of 2013 and Defendant did not mail and deliver a notice of security interest or pay the fee to the Kansas Department of Revenue nor ensure its lien was noted on the title to Debtors' 2001 Ford prior to the expiration of four months as required by Kansas law to maintain perfection of its security interest.

20. Debtors filed bankruptcy on September 16, 2013 and the Trustee was appointed.

21. Under 11 U.S.C. § 544, the Trustee, as a hypothetical judgment creditor, obtained the right to avoid Defendant's lien as its perfection lapsed before the filing of Debtors' bankruptcy.

WHEREFORE, the Trustee requests this Court enter judgment against the Defendant, TitleMax of Georgia d/b/a TitleMax finding its lien in the property specified in Paragraph 11 above avoided pursuant to 11 U.S.C. § 544 to be preserved for the benefit of the bankruptcy estate, for the costs of this action in the amount of $305, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

*s/Karin N. Amyx*
Karin N. Amyx, #24185
Staff Attorney for
Laurie B. Williams,
Standing Chapter 13 Trustee
300 W. Douglas Avenue, Ste. 650
Wichita, Kansas 67202
(316) 267-1791
lbwsig@wichita13trustee.com